# THE LAW OFFICES OF
# FAUSTO E. ZAPATA, JR., P.C.

Broadway Chambers Building
277 Broadway, Suite 501
New York, New York 10007

Tel: 212-766-9870 / Fax: 212-766-9869
Email: fz@fzapatalaw.com
Web: www.LaborEmploymentLawFirm.com

September 5, 2025

Katherine Polk Failla
U.S. District Judge
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, New York 10007



Re: Luis Miguel Sanchez v. Mogools, Inc., et al., SDNY
Case No. 24 Civ. 2588 (KPF)(JW)

Dear Judge Polk Failla,

This letter is respectfully submitted by Plaintiff Luis Miguel Sanchez in the matter of Luis Miguel Sanchez v. Mogools, Inc., et al., United States District Court, Southern District of New York, Case No. 24 Civ. 2588 (KPF)(JW), pursuant to Rule 4(A) of Your Honor's Individual Practices and Fed. R. Civ. P. 37, to respectfully request a pre-motion conference or leave to move for sanctions against Defendant Eliezer Garcia for his failure to appear for deposition and refusal to cooperate in rescheduling the same, and to request a brief, targeted expansion of the fact discovery deadline for the sole purpose of completing Garcia's deposition.

On July 9, 2025, the parties jointly requested, and the Court granted, a 60-day extension of the fact discovery deadline to September 8, 2025, specifically to allow for the completion of necessary depositions and related discovery. See, ECF Dkt. No. 52. On August 22, 2025, the Court granted Defendant Garcia's counsel's motion to withdraw, noting that Garcia intended to proceed pro se and appear for his deposition in early September (3rd). See, Dkt. No. 59.

On September 3, 2025, Plaintiff's counsel, a court reporter, and a Spanish interpreter appeared as noticed for Garcia's deposition. Garcia did not appear. Plaintiff's counsel placed a statement on the record, marked the Notice of Deposition as Exhibit 1, and requested a copy of the transcript, which is attached hereto as Exhibit "A".

Following Garcia's non-appearance, Plaintiff's counsel promptly contacted Garcia by email on September 4, 2025, to reschedule. Garcia responded, requesting a new date but refused to provide a telephone number, stating he had limited reception and was "in the mountains." Plaintiff's counsel provided a direct telephone number and requested that Garcia call at 10:00 AM on September 5, 2025, to finalize arrangements. At 10:01 AM, Plaintiff's counsel sent a follow-up email inquiring whether Garcia would be calling as agreed. See, Exhibit "B". As of 3:24 PM, Garcia has neither called nor responded further.

Plaintiff has made every reasonable effort to accommodate Garcia's requests and to reschedule the deposition in good faith. The imminent fact discovery deadline, already extended

by Court order, is now at risk due to Garcia's continued noncompliance. Plaintiff will be prejudiced if unable to depose Garcia, and the record will be incomplete.

    Plaintiff respectfully requests:

1. Leave to move for sanctions under Fed. R. Civ. P. 37, including an order compelling Garcia's deposition at a date certain, and, should he fail to appear, the imposition of sanctions such as preclusion of testimony, striking of defenses, or such other relief as the Court deems just and proper, including costs and fees incurred in connection with the failed deposition and this application.

2. A brief, targeted expansion of the fact discovery deadline, limited solely to the completion of Garcia's deposition and any necessary follow-up discovery directly arising from it. Plaintiff acknowledges the Court's prior admonition regarding extensions in the Court's July 10, 2025 Order, ECF Dkt. No. 52, but submits that Garcia's ongoing noncompliance constitutes good cause for a narrowly tailored exception in the interests of justice.

    We thank the Court for its attention to this matter.

Very truly yours,

Fausto E. Zapata, Jr.

C:    File

The Court has reviewed Plaintiff's letter motion seeking a pre-motion conference or leave to move for sanctions against Defendant Garcia. (Dkt. #60). On August 22, 2025, the Court directed the parties to work together to file a joint letter. (Dkt. #59). However, Defendant Garcia did not appear for a scheduled deposition and has not responded to Plaintiff's outreach. Plaintiff now seeks sanctions, an order compelling Defendant Garcia's deposition on a date certain, and/or a brief extension of the discovery deadline solely for purpose of taking Defendant Garcia's deposition and taking any follow-up discovery. (Dkt. #60 at 2).

The Court will consider extending the fact discovery deadline *nunc pro tunc* for this limited purpose, and the Court will consider imposing sanctions on Defendant Garcia, but first the Court will give Defendant Garcia one last chance to work together with Plaintiff's counsel to reschedule the deposition and request an extension of the fact discovery deadline. On or before **September 15, 2025,** the parties shall inform the Court of the rescheduled deposition date and their proposed discovery extension date, or, alternatively, Plaintiff shall renew his motion for sanctions, and the Court will consider setting a conference regarding these sanctions.

Plaintiff's counsel is directed to transmit a copy of this endorsement to Defendant Garcia via email.

The parties are reminded that they also must file a joint letter within one week of the settlement conference's taking place. (Dkt. #59).

The Clerk of Court is directed to terminate the pending motion at docket entry 60.

Dated:     September 8, 2025          SO ORDERED.
           New York, New York

                                      HON. KATHERINE POLK FAILLA
                                      UNITED STATES DISTRICT JUDGE