# THE LAW OFFICES OF
# FAUSTO E. ZAPATA, JR., P.C.

Broadway Chambers Building  
277 Broadway, Suite 501  
New York, New York 10007

Tel: 212-766-9870 / Fax: 212-766-9869  
Email: fz@fzapatalaw.com  
Web: www.LaborEmploymentLawFirm.com

October 22, 2025

Katherine Polk Failla  
U.S. District Judge  
Thurgood Marshall  
United States Courthouse  
40 Foley Square  
New York, New York 10007



      Re:    Luis Miguel Sanchez v. Mogools, Inc., et al., SDNY  
              Case No. 24 Civ. 2588 (KPF)(JW)

Dear Judge Polk Failla,

      Plaintiff respectfully submits this letter to seek leave to move for default and sanctions against both Defendants, Mogools, Inc. and Eliezer Garcia, pursuant to Fed. R. Civ. P. 37 and the Court's inherent authority. This request is based on Defendant Garcia's repeated failure to appear for deposition and ongoing noncooperation, as well as Mogools, Inc.'s continued lack of attorney representation since the Court relieved its prior counsel.

      On January 31, 2025, the Court granted the motion of Martin E. Restituyo, Esq. to withdraw as counsel for Mogools, Inc. and Eliezer Garcia, ordering that notice be served on Defendants and terminating Mr. Restituyo from the docket. Since that time, no attorney has filed a notice of appearance on behalf of Mogools, Inc., and the corporation remains unrepresented. As a result, Mogools, Inc. has failed to participate in discovery, respond to communications, or otherwise defend this action. This continued lack of representation, in violation of the Court's orders and the requirements for corporate defendants, further supports the need for sanctions and default.

      Plaintiff duly noticed the deposition of Defendant Garcia for September 3, 2025, with service effected through Garcia's then-counsel on July 24, 2025. On August 22, 2025, the Court granted Garcia's counsel's motion to withdraw, noting Garcia's representation that he would proceed pro se and appear for his deposition in early September. On September 3, 2025, Plaintiff's counsel, a court reporter, and a Spanish interpreter appeared as noticed for Garcia's deposition. Garcia did not appear, and no communication was received from him seeking adjournment or explaining his absence. A statement was placed on the record, and a Certificate of Nonappearance was requested and obtained.

      Following this nonappearance, Plaintiff's counsel promptly contacted Garcia to reschedule. Garcia responded but refused to provide a telephone number, citing limited

reception and being "in the mountains." Plaintiff's counsel provided a direct number and requested Garcia call at a specified time, but Garcia did not call or respond further.

On September 15, 2025, the parties jointly submitted a letter to the Court confirming that Garcia had agreed to sit for deposition on October 7, 2025, and jointly requested an extension of the fact discovery deadline to November 14, 2025, specifically to accommodate Garcia's deposition. The Court granted this request, relying on Garcia's representation that he was prepared to proceed.

Despite the Court's extension and Garcia's express agreement to appear, Garcia failed to cooperate in rescheduling and ultimately ceased communication. Plaintiff's counsel made repeated good faith efforts to accommodate Garcia's schedule and facilitate his deposition, as documented in a series of emails. Plaintiff's counsel sent emails on October 2, 2-2025, and October 3, 2025, seeking to confirm that Garcia was prepared to proceed with the scheduled deposition scheduled for October 7, 2025; Garcia did not respond to these emails. On October 6, 2025, Plaintiff's counsel informed Garcia that he assumed that Garcia was not prepared to move forward the following day and asked for his availability to discuss the matter and reschedule the deposition. That same day, Garcia responded, citing issues retaining counsel and requesting more time, but did not provide alternative dates or a commitment to appear. On October 10, 2025, Plaintiff's counsel reiterated that seeking counsel was not a basis to delay and again requested Garcia's availability. On October 13, 2025, Plaintiff's counsel warned that noncooperation would be reported to the Court and requested proposed dates for deposition. Garcia did not respond to Plaintiff's October 10, 2025, and October 13, 2025, emails.

Throughout this period, Plaintiff's counsel provided direct contact information, offered to discuss alternative dates, and repeatedly followed up to facilitate Garcia's deposition. Despite these efforts, Garcia failed to appear, failed to provide alternative dates, and ultimately stopped communicating altogether. This pattern of noncooperation has prejudiced Plaintiff's ability to complete discovery and prosecute the case.

Federal Rule of Civil Procedure 37 authorizes the Court to impose sanctions, including default judgment, against parties who fail to comply with discovery orders, fail to appear for deposition, or otherwise obstruct the discovery process. The Court also possesses inherent authority to sanction parties for conduct that abuses the judicial process. In this case, Defendant Garcia's repeated failure to appear for deposition, refusal to cooperate despite multiple extensions and communications, and ultimate cessation of contact constitute willful noncompliance. *John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc.*, 845 F.2d 1172 (2d Cir. 1988); *Sterling Promotional Corp. v. Gen. Acc. Ins. Co. of N.Y.*, 212 F.R.D. 464, 469 (S. D.N.Y. 2003) (dismissing action due to plaintiff's vexatious behavior in avoiding depositions).

Federal Rule of Civil Procedure 37(b)(2) provides courts with authority to impose sanctions, including default judgment, when a party fails to comply with discovery orders. *Mirlis v. Greer*, 80 F.4th 377. The rule specifically authorizes courts to render "a default judgment against the disobedient party" when there is willful non-compliance with discovery obligations. Mirlis, 80 F.4th at 377. Courts have consistently held that failure to attend depositions and giving last-minute notices of refusal to attend depositions can result in harsh sanctions including default judgment. *Accettola v. Linda Mei He*, 2024 U.S. Dist. LEXIS 116079.

Additionally, Mogools, Inc.'s failure to secure counsel and participate in the litigation after its attorney was relieved is grounds for default, as corporations may not appear pro se and must be represented by licensed counsel. The record demonstrates a clear pattern of disregard for the Court's orders and the rules governing civil procedure. *Hounddog Prods., L.L.C. v. Empire Film Group, Inc.*, 767 F. Supp. 2d 480 D.N.Y. Mar. 2, 2011) (striking corporate defendant's answer and granting a default judgment where the corporate defendant failed to appear through new counsel). It is a well-established rule within this Circuit that corporations cannot appear pro se in federal court. *Carlone v. Lion & The Bull Films, Inc.*, 861 F. Supp. 2d 312. Federal Rule of Civil Procedure 55(a) requires entry of default when a party fails to "otherwise defend" an action. *Kaplan v. Bank Saderat PLC*, 77 F.4th 110. A corporate defendant's failure to comply with a court's order to obtain counsel constitutes failure to "otherwise defend" for purposes of Rule 55(a), justifying entry of default. *Leviton Mfg. Co. v. Fastmac Performance Upgrades, Inc.*, 2013 U.S. Dist. LEXIS 129986; *Jian Xin Zhang v. Great Sichuan on 3Rd Ave, Inc.*, 2023 U.S. Dist. LEXIS 11388; *Arch Ins. Co. v. Sky Materials Corp.*, 2021 U.S. Dist. LEXIS 19806.

Plaintiff respectfully requests leave to move for default and sanctions against both Defendants, Mogools, Inc. and Eliezer Garcia. Specifically, Plaintiff seeks:

1. An order of default against Mogools, Inc. for failure to secure legal representation and participate in the litigation as required.
2. An order of default against Eliezer Garcia for repeated failure to appear for deposition and ongoing noncooperation with discovery.
3. Sanctions under Fed. R. Civ. P. 37, including rendering a default judgment against Defendants, preclusion of testimony, striking Defendants' answer, striking Defendants' defenses, treating Defendants' conduct as contempt of court, and an award of costs and attorneys' fees incurred in connection with the failed deposition and this application.
4. Such other relief as the Court deems just and proper to address Defendants' continued noncompliance and prevent further prejudice to Plaintiff.

Plaintiff respectfully requests that the Court grant leave to move for default and sanctions as set forth above, in light of the persistent noncooperation and lack of representation by both Defendants. Court intervention is necessary to protect Plaintiff's rights and the orderly administration of justice.

Very truly yours,

Fausto E. Zapata, Jr.

C:  E. Garcia
    File

Application GRANTED. The Court has waited three business days for Defendants' response, but, in keeping with their conduct during this litigation, they did not submit one.

Plaintiff may pursue default judgment pursuant to the Court's Individual Rules of Practice in Civil Cases, Rule 4(I) and Attachment A. Plaintiff shall enter his proposed Order to Show Cause Without Emergency Relief on or before **December 5, 2025**. Plaintiff may address the sanctions he requests in his submissions in support of the Order to Show Cause.

The post-fact discovery pretrial conference originally scheduled for November 20, 2025, is ADJOURNED *sine die*.

The Court notes that Plaintiff's lawsuit seeks backpay, liquidated damages, and attorneys' fees, which a default judgment would likely address. Further, the Court's review of Plaintiff's above letter suggests default judgment would also obviate the need for Plaintiff's contemplated sanctions.

The Clerk of Court is directed to terminate the pending motion at docket entry 66.

Dated:    October 28, 2025          SO ORDERED.
          New York, New York

*Katherine Polk Failla*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE